FILED DEC 11 '25 AM 11:50
MDGA-MAC

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA

STATE OF GEORGIA,
Plaintiff,

v.                                          CRIMINAL ACTION NO. _____

JEFFREY ALLEN HILL,
Alleged Defendant.

# SECOND NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1443(1)

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT:

COMES NOW at all times, Alleged Defendant Jeffrey Allen Hill ("Defendant"), appearing pro se, and pursuant to **28 U.S.C. § 1443(1)** (civil rights removal), hereby removes the following related criminal actions pending in the Superior Court of Jones County, Georgia, to this United States District Court for the Middle District of Georgia:

1. **Case No. 2024-CR-282**
2. **Warrant/Citation Nos.:** 25-529FW, 25-530MW, 112A00459-463
3. **Case No. 2025-WT-047** (filed early December 2025)

All cases arise from the August 26, 2025 arrest and involve related charges.

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT .................................3

**II. PROCEDURAL HISTORY AND NEW FACTS SUPPORTING SUCCESSIVE REMOVAL** ...4

**III. JURISDICTION UNDER 28 U.S.C. § 1443(1)** ......................6

A. Legal Standard: Georgia v. Rachel Test........................6

B. Prong One: Rights Under Federal Laws Providing for Racial Equality...6

C. Prong Two: Cannot Enforce Rights in State Courts - Documented Settled Practice...9

**IV. FEDERAL DEFENSES SUPPORTING § 1443(1)** ......................12

**V. TIMELINESS OF REMOVAL** ........................................13

**VI. YOUNGER ABSTENTION DOES NOT APPLY** ..........................14

**VII. CONCLUSION** ................................................15

**PRAYER FOR RELIEF** .............................................15

# TABLE OF AUTHORITIES

### SUPREME COURT CASES

Alabama v. Conley, 245 F.3d 1292 (11th Cir. 2001)
Brady v. Maryland, 373 U.S. 83 (1963)
Burwell v. Hobby Lobby Stores, Inc., 573 U.S. 682 (2014)
Dombrowski v. Pfister, 380 U.S. 479 (1965)
**Georgia v. Rachel, 384 U.S. 780 (1966)**
Gonzales v. O Centro Espírita, 546 U.S. 418 (2006)
Grable & Sons Metal Products, Inc. v. Darue Engineering, 545 U.S. 308 (2005)
New Hampshire v. Maine, 532 U.S. 742 (2001)
Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336 (1976)
Tumey v. Ohio, 273 U.S. 510 (1927)
United States v. Yannotti, 541 F.3d 112 (2d Cir. 2008)
Ward v. Village of Monroeville, 409 U.S. 57 (1972)
Worcester v. Georgia, 31 U.S. (6 Pet.) 515 (1832)
Younger v. Harris, 401 U.S. 37 (1971)

### FEDERAL STATUTES

15 U.S.C. § 1051 et seq. (Lanham Act)
25 U.S.C. § 1301 et seq. (Indian Civil Rights Act)
28 U.S.C. § 1331 (Federal Question Jurisdiction)
**28 U.S.C. § 1443(1) (Civil Rights Removal)**
28 U.S.C. § 1446 (Removal Procedure)
**42 U.S.C. § 1981 (Equal Rights Under Law)**
**42 U.S.C. § 1982 (Property Rights)**
42 U.S.C. § 2000bb (Religious Freedom Restoration Act)
49 U.S.C. § 31134 (DOT Registration)

U.S. CONST. amend. XIV, § 1 (Due Process; Equal Protection)

# I. PRELIMINARY STATEMENT

1. This prosecution charges Defendant with "identity fraud" for using:
   - Court-authorized name "jeffrey-allen: hill-yisra'el" (authorized by Georgia Superior Court, August 14, 2021);
   - Federally registered trademark "Jeffrey Allen Hill" (U.S. Reg. No. 7,064,913);
   - Hebrew Israelite religious identity reflecting sincerely held faith;
   - Tribal identification as enrolled member and Ambassador of Achukma Nation.
2. Defendant removes under **28 U.S.C. § 1443(1)** because:

   **PRIMARY GROUND: § 1443(1) - Civil Rights Removal**

   - **Prong One:** Rights arise under 42 U.S.C. §§ 1981-1982, federal laws providing for equal civil rights stated in terms of racial equality;
   - **Prong Two:** Defendant cannot enforce these rights in Georgia courts, as demonstrated by a documented 74-day settled practice of refusing to rule on federal constitutional and jurisdictional motions.
3. The central federal question: Can Georgia criminalize use of a judicially-authorized, federally-registered identity that reflects Defendant's Hebrew Israelite and tribal identity without violating federal civil rights laws protecting against racial discrimination?
4. **This filing does not seek reconsideration of the November 12, 2025 remand order in Case No. 5:25-cv-00465-MTT.** Instead, it rests on genuinely new facts discovered after that remand—specifically, a documented 74-day pattern of state court refusal to address federal defenses, filing of new charges (Case No. 2025-WT-047), and scheduling of trial while constitutional motions remain pending—facts that satisfy the "formal expression" or "settled practice" requirement of Georgia v. Rachel that the prior remand found absent.

# II. PROCEDURAL HISTORY AND NEW FACTS SUPPORTING SUCCESSIVE REMOVAL

### A. Previous Removal and Remand

5. On October 24, 2025, Defendant filed initial removal (Case No. 5:25-cv-00465-MTT).
6. On November 12, 2025, this Court remanded, finding:
    - Removal was untimely;
    - Federal rights cited did not constitute "laws providing for specific civil rights stated in terms of racial equality";
    - No "formal expression of state law" denying federal rights shown.

### B. New Facts Discovered After November 12, 2025 Remand

7. This removal is based on genuinely new developments that occurred after November 12, 2025, and that could not have been raised in the October filing:

**New Fact 1: 74-Day Systematic Refusal to Rule (Settled Practice)**

8. **September 25, 2025** - Defendant filed Motion for Reconsideration raising mandatory jurisdictional issues:
    - Tribal sovereignty (Worcester v. Georgia);
    - Federal preemption (18 areas);
    - Constitutional violations (Fourth, Fifth, Eighth, Fourteenth Amendments);
    - Demanded expedited hearing within 10 days due to emergency circumstances.
9. **December 8, 2025 - NO RULING FOR 74 DAYS**

**Timeline of Systematic Refusal:**

| Date | Event | Days Without Ruling |
|---|---|---|
| Sept 25, 2025 | Motion for Reconsideration filed | — |
| Oct 25, 2025 | 30 days - no ruling | 30 days |
| Nov 25, 2025 | 60 days - no ruling | 60 days |
| **Dec 8, 2025** | **Still no ruling** | **74 days** |

**New Fact 2: 48-Day Refusal to Rule on Exculpatory Evidence**

10. **October 20, 2025** - Emergency Motion to Compel Brady Disclosure filed demanding completely exculpatory evidence:
    - Court authorization order (proves legal impossibility);
    - Federal bonding clearance;
    - Federal DOT authorization;

- Federal trademark registration;
- Tribal documentation.

11. **December 8, 2025 - NO RULING FOR 48 DAYS**
12. Brady v. Maryland, 373 U.S. 83 (1963), establishes constitutional duty to disclose exculpatory evidence.

**New Fact 3: Case No. 2025-WT-047 Filed While Constitutional Motions Pending**

13. **Early December 2025** - State filed **new Case No. 2025-WT-047** while refusing for 74 days to rule on constitutional motions in existing case.
14. This demonstrates state court strategy:
    - Refuse to address federal constitutional issues;
    - Meanwhile, add additional charges;
    - Schedule trial before ruling on pending motions;
    - Systematically avoid federal law while multiplying state charges.

**New Fact 4: Trial Scheduled for December 18, 2025 Despite Pending Constitutional Motions**

15. **Trial set for December 18, 2025**—only 10 days from this filing—while:
    - Motion for Reconsideration pending for 74 days (raising § 1981-1982 defenses);
    - Emergency Brady Motion pending for 48 days;
    - No ruling on mandatory jurisdictional issues;
    - New charges filed without addressing existing constitutional motions.
16. **Georgia law requires immediate jurisdictional analysis:** "The court has a duty to examine its own jurisdiction." Ga. Dep't of Transp. v. City of Atlanta, 274 Ga. 287, 290 (2001).
17. State court's refusal to conduct mandatory jurisdictional analysis for 74 days while simultaneously scheduling imminent trial constitutes settled practice of denying federal rights enforcement.

## C. These Facts Could Not Have Been Raised in October 2025

18. The documented pattern of systematic refusal did not exist on October 24, 2025 (first removal date):
    - 74-day pattern developed incrementally over time;
    - Case No. 2025-WT-047 did not exist;
    - Trial scheduling occurred after first removal;
    - Pattern became manifest only through passage of time and repeated refusals.
19. Federal law permits successive removal based on new facts not available at time of first removal. Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 345-46 (1976).
20. **The November 12 remand found no "formal expression of state law" denying rights.** The post-remand developments now provide exactly what was missing: documented settled practice constituting formal expression under Georgia v. Rachel and Alabama v. Conley.

# III. JURISDICTION UNDER 28 U.S.C. § 1443(1)

## A. Legal Standard: Georgia v. Rachel Test

21. 28 U.S.C. § 1443(1) permits removal of criminal prosecutions "against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States..."
22. The Supreme Court in **Georgia v. Rachel, 384 U.S. 780 (1966)** (limiting § 1443(1) to rights of racial equality under laws such as §§ 1981 and 1982), and the Eleventh Circuit in **Alabama v. Conley, 245 F.3d 1292 (11th Cir. 2001)**, require two elements:

| Element | Requirement | This Case |
|---|---|---|
| Prong One | Right arises under federal law providing for **specific civil rights stated in terms of racial equality** | 42 U.S.C. §§ 1981-1982 |
| Prong Two | Defendant **cannot enforce** right in state courts, as shown by **formal expression of state law** or **settled practice** | 74-day documented systematic refusal constituting settled practice |

23. Defendant satisfies both prongs.

## B. Prong One: Rights Under Federal Laws Providing for Racial Equality

### 1. Civil Rights Act of 1866: 42 U.S.C. §§ 1981-1982

24. **Sections 1981 and 1982 are paradigmatic "laws providing for specific civil rights stated in terms of racial equality."** Georgia v. Rachel, 384 U.S. at 792. They were enacted specifically to protect newly freed slaves and guarantee equal rights regardless of race, and they protect all persons from racial discrimination.
25. **42 U.S.C. § 1981** guarantees:
    - Right to make and enforce contracts;
    - "Full and equal benefit of all laws and proceedings for the security of persons and property";
    - Protection from discrimination "because of race."
26. **42 U.S.C. § 1982** guarantees:
    - Right to "inherit, purchase, lease, sell, hold, and convey real and personal property";
    - Protection from racial discrimination in property rights.

### 2. Application to This Case: Racial and Tribal Discrimination

27. **Defendant's Hebrew Israelite and Tribal Identity:**
    - Defendant practices Hebrew Israelite faith, a historically Practiced by the Cherokee as a Cultural and Tribal religious movement;
    - Defendant is enrolled member and Ambassador of Achukma Nation, an indigenous tribal government;
    - Name "hill-yisra'el" reflects both religious and cultural identity rooted in racial and ethnic heritage Cherokee and Creek Linage;
    - These identities are intertwined with Defendant's racial and tribal status.
28. **Because these identities are racially and tribally defined, the State's refusal to recognize them and its selective use of the identity-fraud statute operate as discrimination "because of race" within the meaning of §§ 1981 and 1982.** The prosecution targets Defendant's exercise of a racially and tribally rooted identity that the State explicitly refuses to honor, while others exercising non-minority religious or cultural names face no such criminal sanction.
29. **District Attorney's Explicit Statement Demonstrates Racial/Tribal Discrimination:**
    - DA stated in court: **"Georgia does not accept [tribal] sovereign status."**
    - This explicitly rejects federal protection of tribal members based on their indigenous status;
    - Mirrors Georgia's rejected 1832 position in Worcester v. Georgia;
    - Demonstrates discrimination on racial and tribal grounds.

## 3. Violations of § 1981: Contract Rights

30. **Section 1981 protects Defendant's right to make and enforce contracts free from racial discrimination.** Defendant holds multiple federal contracts and authorizations:

**Federal Bonding Contract:**

- EIN 86-1860022
- Government contractor rights

**Federal DOT Authorization:**

- DOT Number 4248546
- Interstate commerce contract rights under 49 U.S.C. § 31134
- Federally-authorized commercial operations

**Federal Trademark Registration:**

- U.S. Reg. No. 7,064,913 for "Jeffrey Allen Hill"
- Exclusive rights to use mark in commerce (15 U.S.C. § 1057(b))
- Federal licensing and intellectual property contract rights

31. **State prosecution criminally prohibits Defendant from exercising these federal contract rights based on discriminatory refusal to recognize his Hebrew Israelite**

and **tribal identity.** This violates § 1981's guarantee of equal rights to make and enforce contracts.

### 4. Violations of § 1982: Property Rights

32. **Section 1982 protects property rights from racial discrimination.** State actors have:
    - Seized federal trademark materials without proper receipts;
    - Interfered with federally-protected intellectual property;
    - Criminalized use of property (registered trademark) based on discriminatory treatment of Defendant's racial and tribal identity.
33. **Property seizures and criminal prosecution for exercising property rights in federally-registered marks violate § 1982's guarantee of equal property rights.**

### 5. Violations of § 1981: Equal Benefit of Laws - Selective Prosecution

34. **Section 1981 guarantees "full and equal benefit of all laws."** Defendant demonstrates unequal treatment:

**Discriminatory Application of Identity Fraud Law:**

- Non-Hebrew Israelites using religious names: **Not prosecuted**
- Non-tribal members exercising cultural identity: **Not prosecuted**
- Others with court-authorized names: **Not criminally charged**
- **Defendant (Hebrew Israelite + tribal member using court-authorized name): Criminally prosecuted**

35. **This selective prosecution based on religious and tribal identity—rooted in race and ethnicity—violates § 1981's equal protection guarantee.** Because Defendant's Hebrew Israelite and tribal identities are racially defined minority statuses, this differential treatment constitutes racial discrimination within the meaning of § 1981.

### 6. Summary: Prong One Satisfied

36. **Defendant's rights arise squarely under 42 U.S.C. §§ 1981 and 1982:**
    - These are classic "laws providing for specific civil rights stated in terms of racial equality";
    - Georgia v. Rachel explicitly recognized these statutes as satisfying § 1443(1)'s first prong;
    - Prosecution discriminates against Defendant based on his Hebrew Israelite and tribal identity, which are racially and tribally defined;
    - DA's explicit rejection of tribal status demonstrates racial/tribal discrimination;
    - Contract rights (§ 1981), property rights (§ 1982), and equal protection (§ 1981) are all violated.
37. **Additional federal protections support removal but are not necessary for Prong One:**
    - Religious Freedom Restoration Act (42 U.S.C. § 2000bb);

- Indian Civil Rights Act (25 U.S.C. § 1302);
- Worcester v. Georgia (tribal sovereignty);
- Federal trademark rights (15 U.S.C. § 1057(b)).

These additional federal rights reinforce the civil rights showing and provide federal defenses, but **§§ 1981-1982 alone satisfy Prong One.**

## C. Prong Two: Cannot Enforce Rights in State Courts - Documented Settled Practice

38. **Alabama v. Conley requires showing that denial of § 1981-1982 rights "can be predicted by reference to a formal expression of state law or to the settled practice of the state." 245 F.3d at 1295-96.**
39. **The November 12 remand found no "formal expression of state law" denying rights at that time.** The post-remand developments now provide documentary proof of settled practice constituting formal expression under Rachel and Conley.

**Evidence 1: September 12, 2025 Written Order - Formal Expression**

40. **State court's September 12, 2025 Order explicitly refused immediate jurisdictional analysis:**

"finding no legal or factual basis upon which the Court may grant the relief Defendant seeks **at this stage of the proceeding...**" (emphasis added)

41. **This written order constitutes formal expression of state policy to defer jurisdictional analysis.**
42. **This violates mandatory jurisdictional requirements:**
     - Subject matter jurisdiction cannot be deferred to "later stages";
     - Georgia law mandates: "The court has a duty to examine its own jurisdiction." Ga. Dep't of Transp. v. City of Atlanta, 274 Ga. 287, 290 (2001);
     - Federal constitutional defenses under §§ 1981-1982 require immediate attention;
     - Written judicial order deferring mandatory jurisdictional analysis = formal expression of state policy.

**Evidence 2: 74-Day Systematic Refusal - Settled Practice**

43. **Chronological Documentation of Settled Practice:**
44. **September 25, 2025** - Motion for Reconsideration filed raising:
     - Tribal sovereignty (Worcester v. Georgia)
     - Federal preemption (18 specific areas)
     - Constitutional violations (Fourth, Fifth, Eighth, Fourteenth Amendments)
     - Violations of § 1981 (equal rights) and § 1982 (property rights)
     - Demanded expedited hearing within 10 days
45. **October 25, 2025** - 30 days without ruling
46. **November 25, 2025** - 60 days without ruling

47. **December 8, 2025 - 74 days without ruling**
48. **This 74-day pattern constitutes "settled practice" under Rachel/Conley.** The state court's repeated, systematic refusal to address federal racial-equality defenses over 74 days—despite explicit demands for expedited resolution—establishes predictable denial of § 1981-1982 enforcement.

**Evidence 3: 48-Day Refusal on Brady/Exculpatory Evidence**

45. **October 20, 2025** - Emergency Motion to Compel Brady Disclosure filed demanding completely exculpatory evidence:
    - Court order authorizing name (proves legal impossibility defense)
    - Federal trademark registration (proves legitimacy and federal authorization)
    - Federal bonding clearance (proves federal validation of identity)
    - Federal DOT authorization (proves federal commercial rights)
    - Tribal enrollment documentation (proves tribal status)
46. **December 8, 2025 - NO RULING FOR 48 DAYS**
47. **Constitutional Duty Under Brady v. Maryland:**
    - Brady v. Maryland, 373 U.S. 83 (1963), requires disclosure of exculpatory evidence;
    - Evidence proving court authorization and federal validation is completely exculpatory;
    - 48-day refusal to order disclosure = systematic suppression of federal defenses;
    - This constitutes settled practice of denying enforcement of constitutional rights.

**Evidence 4: Adding New Charges While Refusing to Rule**

48. **While refusing for 74 days to address federal constitutional and racial-equality defenses, state court:**
    - Filed **new Case No. 2025-WT-047** (early December 2025);
    - Scheduled trial for **December 18, 2025**;
    - Continued proceedings without addressing pending jurisdictional motions;
    - Multiplied charges while systematically avoiding federal defenses.
49. **This pattern demonstrates settled practice:**
    - State court will not address § 1981-1982 defenses;
    - Strategy is to multiply charges while avoiding federal racial-equality law;
    - Proceeding to trial without resolving federal constitutional questions;
    - **Predictable, systematic denial of federal rights enforcement.**

**Evidence 5: DA's Explicit Rejection of Federal Tribal Law**

50. **District Attorney stated in open court:**

"**Georgia does not accept [tribal] sovereign status.**"

51. **This explicit statement:**

- o Rejects Supreme Court precedent (Worcester v. Georgia, 31 U.S. (6 Pet.) 515 (1832));
- o Demonstrates formal state policy of denying federal protection of tribal members;
- o Mirrors Georgia's rejected 1832 position that led to Worcester;
- o Constitutes formal expression of discriminatory state policy based on racial and tribal status.

**Evidence 6: Trial Scheduling Despite Pending Constitutional Motions**

52. **Trial scheduled for December 18, 2025—only 10 days away—while:**
    - o Motion for Reconsideration pending for 74 days (raising § 1981-1982 defenses);
    - o Emergency Brady Motion pending for 48 days;
    - o No ruling on mandatory jurisdictional issues;
    - o New charges filed without addressing existing constitutional motions.
53. **Scheduling trial before ruling on mandatory jurisdictional and constitutional defenses = formal expression that state court will not enforce federal racial-equality rights before conviction.**

**This Constitutes "Formal Expression" and "Settled Practice" Under Rachel/Conley**

54. **Alabama v. Conley requires denial of rights be "manifest in formal expression of state law or the settled practice of the state." 245 F.3d at 1295-96. The evidence demonstrates both:**

**FORMAL EXPRESSION:** ✓ **September 12 Written Order** - explicitly deferring jurisdictional analysis
✓ **DA's Explicit Statement** - "Georgia does not accept [tribal] sovereign status"
✓ **Trial Scheduling Order** - proceeding to trial without ruling on federal defenses

**SETTLED PRACTICE:** ✓ **74-Day Documented Pattern** - systematic refusal to rule on § 1981-1982 defenses
✓ **48-Day Brady Suppression** - refusal to disclose exculpatory federal evidence
✓ **New Charges Filed** - multiplying charges while avoiding federal constitutional issues
✓ **Proceeding to Trial** - scheduling trial before addressing mandatory jurisdictional motions

55. **These acts, taken together, constitute a settled state-court practice of refusing to adjudicate federal racial-equality and property-rights defenses prior to trial, thereby making it predictable that Defendant cannot enforce his § 1981 and § 1982 rights in the courts of Georgia.**
56. **Because all criminal jurisdiction, trial scheduling, and rights enforcement in Jones County must pass through this Superior Court, its documented pattern of refusing to adjudicate § 1981-1982 defenses before trial functions in practice as the State of Georgia's settled method of handling Defendant's racial-equality claims.** This is not one judge's idiosyncrasy but the operational reality of how Georgia criminal courts process these federal defenses.

57. **This is not speculation—this is 74 days of documented systematic refusal constituting formal expression and settled practice.**

**Additional Context: Structural Concerns**

58. **The prosecution caption reads: "STATE OF GEORGIA v. JEFFREY ALLEN HILL"**
59. **The adjudicating judge is employed by STATE OF GEORGIA—the named complainant and adverse party.**
60. **While Georgia judges' state employment alone does not violate Tumey v. Ohio, 273 U.S. 510 (1927), or Ward v. Village of Monroeville, 409 U.S. 57 (1972), this structural concern underscores why federal review is appropriate once § 1443(1) is otherwise satisfied.** The documented inability to obtain state-court adjudication of federal racial-equality defenses, combined with the tribunal's institutional position, reinforces the propriety of federal jurisdiction.

**Conclusion on § 1443(1)**

61. **Both prongs of Georgia v. Rachel are satisfied:**

✓ **Prong One:** Rights arise under 42 U.S.C. §§ 1981-1982, paradigmatic federal laws providing for specific civil rights stated in terms of racial equality

✓ **Prong Two:** 74-day documented systematic refusal, plus written orders, DA statement, and trial scheduling = settled practice of denying enforcement of § 1981-1982 rights, constituting formal expression under Rachel/Conley

62. **Removal under 28 U.S.C. § 1443(1) is proper.**

---

# IV. FEDERAL DEFENSES SUPPORTING § 1443(1) (INCLUDING RFRA AND TRADEMARK RIGHTS)

---

63. **The following federal issues support the § 1443(1) removal by illustrating the substantial federal defenses that state courts are systematically refusing to address.** Defendant recognizes that § 1443(1), not § 1331, is the proper statutory vehicle for criminal removal and that federal defenses generally do not independently create removal jurisdiction under the well-pleaded complaint rule.
64. **These federal defenses are presented as additional support for Prong Two (cannot enforce federal rights) and to demonstrate why federal forum is appropriate:**

**A. RFRA Provides Federal Defense**

65. **Religious Freedom Restoration Act (42 U.S.C. § 2000bb):**
    o Defendant's name "hill-yisra'el" reflects Hebrew Israelite religious identity;
    o Prosecution forces impossible choice: abandon faith or face imprisonment;
    o This is substantial burden on religious exercise (Burwell v. Hobby Lobby, 573 U.S. 682 (2014));
    o No compelling state interest (court authorized name; federally validated);
    o Criminal prosecution not least restrictive means (Gonzales v. O Centro Espírita, 546 U.S. 418 (2006)).
66. **State court's 74-day refusal to address RFRA defense demonstrates inability to enforce this federal right and supports the § 1443(1) showing.**

**B. Federal Trademark and DOT Authorization Provide Federal Preemption Defenses**

67. **Federal Trademark Registration No. 7,064,913:**
    o USPTO issued federal registration for "Jeffrey Allen Hill" (May 30, 2023);
    o 15 U.S.C. § 1057(b) grants exclusive right to use registered mark;
    o State criminalization of federally-authorized trademark use raises federal preemption question.
68. **Federal DOT Number 4248546:**
    o Federal authorization for interstate commerce operations (49 U.S.C. § 31134);
    o State interference with federally-authorized commerce raises preemption question.
69. **Court-Authorized Name:**
    o Georgia Superior Court authorized name (August 14, 2021);
    o Legal impossibility: Cannot sustain conviction when defendant had authority (United States v. Yannotti, 541 F.3d 112 (2d Cir. 2008));
    o Judicial estoppel: Georgia cannot authorize name then prosecute same name (New Hampshire v. Maine, 532 U.S. 742 (2001)).
70. **These federal authorizations and defenses strengthen the § 1443(1) "cannot enforce" showing:** State court's systematic refusal to address federal trademark, DOT, and judicial authorization defenses for 74 days demonstrates settled practice of denying federal rights enforcement and reinforces why federal jurisdiction is proper.

**C. Federal Question Under Grable (If Court Finds § 1331 Applicable)**

71. **To the extent this Court determines that federal question jurisdiction exists independently under § 1331:** Grable & Sons Metal Products, Inc. v. Darue Engineering, 545 U.S. 308 (2005), permits federal jurisdiction when state case necessarily raises disputed, substantial federal issue requiring federal expertise.
72. **However, Defendant's primary reliance is on § 1443(1) as the proper statutory basis for criminal removal, with these federal defenses illustrating the substantial federal issues that state courts refuse to adjudicate.**

# V. TIMELINESS OF REMOVAL

73. **This removal is timely under 28 U.S.C. § 1446(b).**
74. **This filing does not seek reconsideration of the November 12, 2025 remand in Case No. 5:25-cv-00465-MTT.** That order found removal untimely and found no "formal expression of state law" denying federal rights as of October 24, 2025.
75. **New grounds for removal discovered after November 12, 2025:**
    - **74-day systematic refusal pattern** (developed incrementally over time);
    - **Case No. 2025-WT-047 filed** (early December 2025);
    - **Trial scheduled for December 18, 2025** while motions pending;
    - **Documented pattern constituting "formal expression"** became manifest only post-remand.
76. **Federal law permits successive removal based on new facts not available at first removal.** Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 345-46 (1976).
77. **Filed within 30 days of facts establishing removability under § 1443(1) with properly documented "formal expression" and "settled practice."**
78. **The critical difference:** October filing alleged potential inability to enforce federal rights; December filing *documents* 74-day settled practice constituting formal expression—precisely what the November 12 remand found absent.

# VI. YOUNGER ABSTENTION DOES NOT APPLY

79. **Younger v. Harris, 401 U.S. 37 (1971), generally counsels federal non-interference with ongoing state prosecutions.**
80. **Section 1443(1) itself creates exception to Younger:** Once removal under § 1443(1) is proper, federal court exercises jurisdiction Congress expressly conferred. Georgia v. Rachel, 384 U.S. at 803-04. Federal courts do not "enjoin" state cases under § 1443(1)—they exercise removal jurisdiction that supersedes Younger concerns.
81. **Additional exceptions apply:**

**Bad Faith/Harassment (Dombrowski Exception):**

- Dombrowski v. Pfister, 380 U.S. 479, 490 (1965): Federal intervention proper when prosecution brought to harass or chill federal rights;
- Bad faith shown: prosecuting court-authorized name as "fraud," prosecuting federally-validated identity, systematic 74-day refusal to address federal defenses, adding charges while refusing constitutional rulings.

**Federal Law Provides Complete Defense:**

- When federal law provides complete defense to state charges, Younger does not bar federal review (Rachel, 384 U.S. at 803-04);

- Multiple federal defenses exist: §§ 1981-1982 violations, RFRA, trademark preemption, court authorization (legal impossibility), judicial estoppel.

82. **Younger abstention does not apply when § 1443(1) removal is proper.**

## VII. CONCLUSION

83. **This removal satisfies 28 U.S.C. § 1443(1):**

**Section 1443(1):** ✓ **Prong One:** Rights arise under 42 U.S.C. §§ 1981-1982 (federal laws providing for specific civil rights stated in terms of racial equality)

✓ **Prong Two:** Cannot enforce: 74-day documented systematic refusal constitutes settled practice and formal expression under Rachel/Conley

✓ **Racial Equality:** Hebrew Israelite and tribal identities are racially defined; State's discriminatory treatment violates §§ 1981-1982

✓ **New Facts:** Post-remand developments provide documented proof absent from October filing

✓ **Timely:** Filed within 30 days of discovering proper grounds with documented formal expression

84. **Federal defenses (RFRA, trademark, DOT, court authorization) support the § 1443(1) showing and demonstrate why federal forum is appropriate.**
85. **All procedural requirements satisfied. Removal is timely, proper, and necessary to protect federal civil rights.**

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests:

**JURISDICTIONAL RELIEF:**
1. **ACCEPT** removal jurisdiction under 28 U.S.C. § 1443(1);
2. **CONSOLIDATE** all related cases (Case No. 2024-CR-282, Warrant/Citation Nos. 25-529FW, 25-530MW, 112A00459-463, Case No. 2025-WT-047);
3. **DENY** any motion to remand;

**IMMEDIATE RELIEF:**
4. **STAY** all state court proceedings pending federal resolution;
5. **PROHIBIT** December 18, 2025 trial from proceeding;
6. **ORDER** State to respond to pending Brady motion and disclose exculpatory evidence;

**MERITS RELIEF:**
7. **DISMISS** all charges based on:
    - Violations of 42 U.S.C. §§ 1981-1982 (racial discrimination in contract and property rights);
    - RFRA violation (substantial burden without compelling interest);
    - Court-authorized name (legal impossibility, judicial estoppel);
    - Federal trademark rights (preemption);
    - Tribal sovereignty (Worcester v. Georgia);
8. **DECLARE** prosecution violates federal civil rights laws;
9. **RESERVE** the question of damages and other appropriate relief for later proceedings as this Court deems proper;
10. **GRANT** such other relief as Court deems just and proper.

Respectfully submitted this 11th, day of December, 2025.

**JEFFREY ALLEN HILL**
Defendant, Pro Se
1740 Rocky Creek Road, Suite 3784
Macon, Georgia 31205
Phone: (478) 719-4370
Email: jeffreyallenhill1961@gmail.com

# VERIFICATION

I, Jeffrey Allen Hill, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am Defendant in the above-captioned actions.
2. I filed Motion for Reconsideration on September 25, 2025 - no ruling as of December 8, 2025 (**74 days**).
3. I filed Emergency Brady Motion on October 20, 2025 - no ruling as of December 8, 2025 (**48 days**).
4. Case No. 2025-WT-047 was filed in early December 2025.
5. Trial is scheduled for December 18, 2025 while constitutional motions remain pending.
6. District Attorney stated in court: "Georgia does not accept [tribal] sovereign status."
7. All facts stated herein are true and correct to the best of my knowledge and belief.

Executed this 11TH, day of December, 2025.

/s/ By: Jeffrey Allen Hill

## CERTIFICATE OF SERVICE

I certify that true and correct copies of this Notice of Removal have been served upon:

**Clerk, Superior Court of Jones County**
E-file

**T. Wright Barksdale III, District Attorney**
wbarksdale@pacga.org

**Cara Raye Fiore, Assistant District Attorney**
cfiore@pacga.org

Via E-file and email this 11th, day of December, 2025.

/s/ By: Jeffrey Allen Hill

## EXHIBITS

**Exhibit A:** Name Change Order (August 14, 2021) showing filing and service dates
**Exhibit A-1:** Tribal Enrollment Card
**Exhibit B:** Tribal Documentation
**Exhibit C:** US DOT Information (DOT No. 4248546)
**Exhibit D:** September 12, 2025 State Court Order (with filing date)
**Exhibit E:** Federal Trademark Certificate (Reg. No. 7,064,913)
**Exhibit F:** Emergency Brady Motion (October 20, 2025, showing filing and service dates)
**Exhibit G:** Motion for Reconsideration (September 25, 2025, showing filing and service dates)
**Exhibit H:** Timeline of Constitutional Violations
**Exhibit I:** Complete State Court Record (all cases)

**[Complete exhibits attached hereto and incorporated by reference] by media and/or zip file as downloaded from the e-file court system**