IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STATE OF GEORGIA, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:25-CV-539 (MTT) |
| | ) |
| JEFFREY ALLEN HILL, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Jeffrey Allen Hill filed a "Second Notice of Removal Pursuant to 28 U.S.C. § 1443(1)" on December 11, 2025. ECF 1. Hill is attempting to remove "related criminal actions pending in the Superior Court of Jones County, Georgia" which arise from his arrest on August 26, 2025: Case No. 2024-CR-282 and Case No. 2025-WT-047. *Id.* at 1. Upon review of the second notice of removal in accordance with 28 U.S.C. § 1455(b)(4),[1] the Court finds that these actions must be remanded.

This is the second time Hill has attempted to remove Case No. 2024-CR-282 pursuant to 28 U.S.C. § 1443(1). *See State of Georgia v. Hill*, 2025 WL 3164469 (M.D. Ga. Nov. 12, 2025). Under 28 U.S.C. § 1455(b)(2), a second notice of removal may be filed only on grounds not existing at the time of the original notice, except upon a showing of good cause. Hill contends that his second notice of removal presents

---

[1] 28 U.S.C. § 1455(b)(4) provides: "The United States district court in which such notice [of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

"genuinely new facts discovered after [the Court's] remand" that "satisfy the 'formal expression' or 'settled practice' requirement of Georgia v. Rachel." ECF 1 at 3.

While not clear from Hill's second notice of removal, according to his first notice of removal, Hill is charged with obstructing an officer in violation of O.C.G.A. § 16-10-24 and identity fraud in violation of O.C.G.A. § 16-9-121(a)(4) in Case No. 2024-CR-282. *See State of Georgia v. Hill*, No. 5:25-cv-00465-MTT, ECF 1-1, 1-2. However, public documents reflect that in Case No. 2024-CR-282, Hill is charged with driving with an expired tag in violation of O.C.G.A. § 40-2-8. Hill does not explain the "new charges" brought in Case No. 2025-WT-047, and the Court does not know what those are. *See* ECF 1.

**A. Hill's Second Notice of Removal is Procedurally Defective.**

Upon reviewing Hill's first notice of removal, the Court concluded that Case No. 2024-CR-282 was untimely removed under 28 U.S.C. § 1455(b)(1) and Hill failed to show good cause. *See State of Georgia v. Hill*, No. 5:25-cv-00465-MTT, ECF 3. Hill's second notice of removal is likewise not timely filed, and he has not, and cannot, show good cause for failing to timely remove his case. He asserts that his second notice of removal is timely because he filed a motion for reconsideration in the state court that has been pending for 74 days and the "74-day pattern of systemic refusal did not exist on October 24, 2025 (first removal date)." ECF 1 at 5. As will be further explained below, a 74-day delay by the state court in ruling on a pending motion, and Hill's other "new facts," are not grounds for removal under § 1443(1) and cannot satisfy the good cause standard. Hill's second notice of removal is also defective under 28 U.S.C. § 1455(a) because it does not contain "a short and plain statement of the grounds for

removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Hill's 63-page second notice of removal lacks a short and plain statement of the basis for removal and does not include copies of the state court process, pleadings, and orders. ECF 1.

### B. The Court Lacks Jurisdiction.

Hill has not shown in his second notice of removal any basis for finding that his criminal actions fall within the narrow grounds for removal permitted under § 1443(1). *See State of Georgia v. Hill*, No. 5:25-cv-00465-MTT, ECF 3 at 2-3 (describing grounds for removal under § 1443). As Hill is aware, removal under § 1443(1) requires two elements: (1) denial of a right bestowed by "a federal law providing for specific civil rights stated in terms of racial equality"; and (2) inability to "enforce the specified federal rights in the courts of (the) State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (parentheses in original) (internal quotations and citations omitted). It is presumed that state courts can enforce federal statutory and constitutional law, "except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Id.* at 220 (quoting *Greenwood v. Peacock*, 384 U.S. 808, 828 (1966)).

Addressing the first prong, Hill claims that 42 U.S.C. § 1981 and § 1982 apply to his state court criminal prosecution because the state "refus[es] to recognize" his "Hebrew Israelite" and tribal identities and selectively uses the identity-fraud statute to discriminate against him." ECF 1 at 6-9. He maintains that he has been racially discriminated against in violation of § 1981 because he cannot exercise his federal

contract rights, including the federal trademark of his name, his "Federal DOT Authorization," and his "Federal Bonding Contract." *Id.* at 8. Relatedly, Hill argues that his rights under § 1982 have been violated because "[s]tate actors" have "[s]eized federal trademark material without proper receipts; [i]nterfered with federally-protected intellectual property; [and] [c]riminalized use of property (registered trademark) based on discriminatory treatment of Defendant's racial and tribal identity." *Id*.

Sections 1981 and 1982 qualify as laws providing for equal civil rights within the meaning of § 1443(1). *Greenwood,* 384 U.S. at 825 (1966); *see Georgia v. Rachel*, 384 U.S. 780 at n.12. However, far from invoking these civil rights statutes in good faith, Hill's arguments and filings in this case contain language suggestive of the sovereign citizen movement. To the extent that Hill attempts to assert sovereign citizen ideology in this case, courts have uniformly rejected such arguments as completely meritless. *See Mackey v. Bureau of Prisons*, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016) (noting that "[c]ourts across the country" have rejected sovereign citizen arguments "as frivolous, irrational, or unintelligible"). Moreover, "advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them." *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986).[2]

---

[2] Hill is aware of this Court's intolerance for sovereign citizen theories. *See Hill-Yisra'el v. Paxton*, 2024 WL 4993890, at *1 (M.D. Ga. Feb. 8, 2024) ("The 'outlandish' legal theories launched by sovereign citizens have been consistently rejected as described as 'patently ludicrous.' Plaintiff's case is no different.") (internal citations omitted). Nonetheless, Hill filed three notices of tribal sovereign immunity in this case, which have no lawful effect in this Court. ECF 5, 6, 7. To the extent Hill seeks to argue that he is immune from state criminal prosecution by way of his "tribal identity" as a "Hebrew Israelite" and "Ambassador for Achukma Nation" (ECF 1 at 3), this theory is indisputably meritless. *See United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011) ("Theories of individual sovereignty, immunity from prosecution, and their ilk … should be rejected summarily, however they are presented.").

Even if the Court assumes that Hill's allegations satisfy the first element, he provides no reason to disturb the presumption that the state court can enforce his civil rights. *See Johnson,* 421 U.S. at 219-20. Hill argues that he cannot enforce his rights in state court because (1) the state court's September 12, 2025 order "refused immediate jurisdictional analysis"; (2) the state court has not ruled on Hill's motion for reconsideration for 74 days; (3) the state court has not ruled on Hill's motion to compel for 48 days; (4) a new state court prosecution against Hill, Case No. 2025-WT-047, was filed and scheduled for trial without considering Hill's defenses; and (5) the District Attorney stated that "Georgia does not accept [tribal] sovereign status." ECF 1 at 9-12. But as the Court has already explained, "[i]t is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." *Greenwood*, 384 U.S. at 827.

Because Hill has no statutory basis for removal, his criminal actions are **REMANDED** to the state court. The Clerk of Court is **DIRECTED** to close this case and to transmit a certified copy of this Order of Remand to the Superior Court of Jones County, Case No. 2024-CR-282 and Case No. 2025-WT-047.[3]

**SO ORDERED**, this 12th day of January, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Hill's motion for leave to proceed *in forma pauperis* (ECF 2), emergency motion for a temporary restraining order (ECF 3), and motion to dismiss for lack of jurisdiction (ECF 4) are **DENIED as moot.**